469 P.2d 497

Vernon ROMNEY, Attorney General, Plaintiff and Appellant,

v.

Haven J. BARLOW et al., Defendants and Respondents.

No. 11912.

Supreme Court of Utah.

May 8, 1970.

Vernon B. Romney, Atty. Gen., Joseph P. McCarthy, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Rex J. Hanson, of Hanson & Baldwin, Salt Lake City, for defendants and respondents.

ELLETT, Justice.

The Attorney General appeals from a summary judgment holding Chapter 71, Laws of Utah 1967, to be constitutional. That Act provides for a per diem of $25 plus expenses to each member of the Legislative Council.

The Legislative Council was created by Chapter 67, Laws of Utah 1947, which was amended by Chapter 4, Laws of Utah 1966, Second Special Session, reading as follows insofar as material:

There is created a legislative council of sixteen members of the legislature. Four members shall be appointed from each major political party by each house upon recommendation of each party caucus. The president of the senate shall be one of the four appointees from the political party with which he is affiliated and the speaker of the house of representatives shall be one of the four appointees from the political party with which he is affiliated. In the event that either the president of the senate or the speaker of the house deems it inadvisable to serve on the council he shall then appoint another member from his respective body. The council shall choose its own chairman and vice-chairman from among the members to serve for the duration of the term of house members. If the chairman is chosen from the senate, the vice-chairman shall be selected from the house of representatives, and vice versa. Said council shall meet in the state capitol not later than thirty days after the effective date of this act, for the purpose of effecting its organization and prescribing such rules for its governing as may be necessary.

The defendants at the time this suit was filed were members of the Legislature which enacted Chapter 71, supra, and were all appointed to the Legislative Council during that same term.

The Attorney General contends that Chapter 71, supra, violates the provisions of Article VI, Sec. 7, of the Utah State Constitution, which reads:

No member of the Legislature, during the term for which he was elected, shall be appointed or elected to any civil office of profit under this State, which shall have been created, or the emoluments of which shall have been increased, during the term for which he was elected.

This section clearly prevents any member of the Legislative *during the term* for which he was elected from being appointed or elected to any civil office of profit the emoluments of which were increased *during the term* for which he was elected. This provision was wisely inserted to cause members of the Legislature to look to the welfare of the state rather than to their own advantages and to give an assurance to their constituency that the legislators are not having their judgment on the merits of any bill improperly influenced by any desire for personal gain.

If thus seems clear that the defendants are precluded from being appointed to the Legislative Council if membership therein constitutes a civil office of profit within the meaning of Article VI, Section 7, of our Constitution.

Black's Law Dictionary defines "civil office" as follows:

An office, not merely military in its nature, that pertains to the exercise of the powers or authority of civil government. Requisites are continuity, creation and definition of powers and duties by Constitution or Legislature, or their authority, possession of governmental power, and independence unless controlled by superior officers.

■ The office of a member of the Legislative Council fits squarely into the requirements as set out in Black's Law Dictionary above:

1. The Council was created by the Legislature.

2. It has a definite tenure, to wit, until the convening of the next regular session of the Legislature following their appointment.

3. The duties of the Council are set forth by the Legislature.

4. It is given power to administer oaths, issue subpoenas, compel attendance of witnesses, etc., and to take testimony.

5. It performs its work according to its own rules and regulations independent of any supervision.

6. The Council possesses governmental powers as set out in Sec. 2 of Chapter 67, Laws of Utah 1947, which in substance are as follows:

a. It assists the legislative arm of government by collecting information concerning the government and general welfare of the state.

b. It examines the effects of previously enacted statutes and recommends amendments thereto.

c. It prepares a legislative program.

d. It studies and investigates revenues and expenditures of the state.

e. It cooperates with the legislative and judicial departments of state government in devising means of enforcing the law.

f. It takes over the duties of the Inter-State Cooperation Committee.

g. It performs duties as reference attorney to both houses of the Legislature.

h. It enjoys every additional power and performs every labor or function assigned to it by joint resolution of the Legislature.

We think and hold that membership on the Legislative Council constitutes the holding of a civil office; and since the salary is $25 per day, it is certainly a civil office of profit.

■ Section 7 of Article VI of the Constitution only prohibits legislators from being appointed or elected to civil offices of profit created, etc., during the term for which they are elected. This matter is not rendered moot by reason of the fact that all members of the House and perhaps some members of the Senate have been elected since the enactment of the statute in question. However, there is another section of the Constitution which must be considered. Article VI, Section 6, reads:

No person holding any public office of profit or trust under authority of the United States, or of this State, shall be a member of the Legislature: Provided, That appointments in the State Militia, and the offices of notary public, justice of the peace, United States commissioner, and postmaster of the fourth class, shall not, within the meaning of this section, be considered offices of profit or trust.

■ Since the Legislative Council is an office of profit, no member thereof is eligible to be a legislator; but since all members of the Council are to be selected from membership in the House and Senate, they become ineligible to be legislators as soon as they accept their appointment to the Council, and thus they will make themselves ineligible to serve on the Council.

Such a result was occasioned by the enactment of Chapter 71, Laws of Utah 1967, making the office one of profit. We do not think this result was ever contemplated or intended by the Legislature, and this is but another reason why we must hold Chapter 71, Laws of Utah 1967, to be unconstitutional and void.

There is no doubt but that the members of the Council have performed a good work for the State of Utah, and insofar as that work has been in the line of duty as a legislator, the pay prescribed by Section 9, Article VI, of the Constitution, must be

accepted as the entire remuneration for such work. Insofar as the work may have been beyond the functions of a legislator, then the Council members may not receive extra remuneration if they are to retain their status as legislators. If the duties required of the Council members are so onerous and burdensome as to require a salary or a per diem, then the law must be amended so as to appoint someone other than legislators to fill the office.

The judgment of the lower court is reversed. No costs are awarded.

CROCKETT, C. J., and TUCKETT, J., concur.

CALLISTER, Justice (concurring).

I concur with the majority opinion, but in addition I am impressed that Section 9, Article VI, of the Constitution of Utah, is dispositive of the issue. At the time of the enactment of this challenged legislation, Section 9 provided:

The members of the Legislature shall receive such compensation, not exceeding $500.00 a year for the legislative term and $5.00 a day expenses while actually in session, and mileage as provided by law.

Section 9 by mandate [1] establishes the absolute limit as to the compensation a

1. See Sec. 26, Article I, which provides: "The provisions of this Constitution are mandatory and prohibitory, unless by ex-

member of the Legislature may receive, the instant legislation departs therefrom in attempting to exceed this limit.

HENRIOD, Justice (concurring).

I concur both with Mr. Justice Ellett and Mr. Justice Callister, and particularly with respect to the Constitutional provision mentioned (Sec. 9, Art. VI), whose most recent amendment, which now establishes the limit of compensation, was embodied in Senate Joint Resolution No. 8, Laws 1967, p. 627, adopted by the electorate November 5, 1968, effective January 1, 1969 (See 1969 Pocket Supp. p. 56, Vol. I, Utah Code Annotated 1953).

press words they are declared to be otherwise."